ANN E. GEORGE, Guardian, v. D. P. HIGH, Adm'r, and others.

### Guardian and Ward—Parties.

One who conducts a suit as guardian or next friend of infants is not a party of record, but the infants themselves are the real plaintiffs ; nor will *any one* who has an interest in the action hostile to that of the infants be permitted to conduct the same.

(*Branch* v. *Goddin*, 2 Winst., 105 ; *Falls* v. *Gamble*, 66 N. C., 455 ; *Mason* v. *McCormick*, 75 N. C., 263 ; *Wilson* v. *Houston*, 76 N. C., 375 ; *Walker* v. *Crowder*, 2 Ired. Eq., 478, cited and approved )

CIVIL ACTION tried at Spring Term, 1881, of COLUMBUS. Superior Court, before *Gudger, J.*

The action is brought upon a bond given by Forney George as guardian of the infant relators. The other defendants were sureties on the bond, together with Ann E. George, who at the time of its execution was the wife of said George, and is now the guardian of the said infants, and brings this suit in their behalf. In the complaint she alleges her incapacity, as a married woman, to give the bond and insists that the same is void as to her.

The defendants demur upon the ground that the plaintiff Ann E. George, is one of the obligors in the bond and cannot, therefore, maintain an action thereon, and also upon the ground that in the action brought as guardian she seeks relief for herself individually. The demurrer was sustained in the court below, and the plaintiff appealed to this court.

Mr. D. J. Devane, for plaintiff.
No counsel for defendants.

RUFFIN, J. It has been decided by this court in several cases, and amongst them the cases of *Branch* v. *Goddin,* 2 Winston, 105 ; *Falls* v. *Gamble,* 66 N. C., 455, and *Mason* v.

8

*McCormick*, 75 N. C., 263, that one who conducts a suit as guardian, or next friend for infants is not a party of record, but that the infants themselves are the real plaintiffs. It cannot be therefore that the infant plaintiffs are to be prejudiced, and their action dismissed because of the peculiar relations of their guardian towards the subject matter of their action, and more especially in a court of equity that disregards all technical rules with regard to parties and only looks to see that all are before the court, whose interests may be affected by the decree to be made. At the same time no court will permit any person who has an interest in the action hostile to that of the infants to conduct it on their behalf—whether they be guardian or next friend; and the court below did right in refusing to proceed with the case in its present condition. And now though we reverse the order sustaining the demurrer, we direct that the case be remanded to the end that a competent and disinterested next friend may be appointed to protect the interests of the infant plaintiffs. This was the course taken in the case of *Walker* v. *Crowder*, 2 Ired. Eq., 478; and so too in the case of *Wilson* v. *Houston*, 76 N. C., 375, though in the latter case it was said inadvertently that the demurrer was sustained.

Error. Case remanded.