This is an action for judgment that the defendant be ordered and directed by the court to change the beneficiary in each of two policies of insurance on the life of the plaintiff issued by the defendant, by striking from said policies as the beneficiary therein the name of the Wachovia Bank and Trust Company, trustee, and inserting in lieu thereof the names of Marguerite Smathers Jones, Claudie Smathers, and James L. Smathers, Jr., the children of the plaintiff.
When the action was called for trial, both plaintiff and defendant waived a trial by jury and submitted to the court a statement of facts agreed, which are substantially as follows: *Page 347 
On 14 June, 1904, the defendant issued to the plaintiff two policies of insurance on the life of the plaintiff, each for the sum of $2,000, the said policies being numbered 585,693 and 585,694, respectively. All premiums required to keep said policies in force have been paid. Both policies are now fully paid. The beneficiary named in each policy is the Wachovia Bank and Trust Company, trustee.
On 30 October, 1925, the plaintiff executed his last will and testament. The second item of said last will and testament is in words as follows:
"Second. I bequeath and devise to Wachovia Bank and Trust Company, a North Carolina corporation with an office at Asheville, N.C. all the balance of my property, of every kind, and wherever situate, to have and to hold in trust and for the period of time and for the objects herein declared, as follows:
"(a) To set aside the sum of five thousand ($5,000) dollars, one-half of it from the proceeds of my life insurance policies, and the other half out of the other assets of my estate, as soon as the money is available without hampering my estate, and to handle this fund as follows:
"To invest it in a small farm or tract of land for the use of Charlie Revis, of Murphy, N.C. so long as he may live; the said land to be purchased with the consent and approval of the said Charlie Revis.
"In case the said Revis should prefer to have the said fund invested in securities, then my said trustee shall so invest it and pay over the proceeds to the said Charlie Revis so long as he may live. Upon the death of the said Charlie Revis, said sum shall be invested in income producing securities and the proceeds paid in equal shares to or for the wife and children of the said Charlie Revis for a period of twenty-five (25) years after my death. At the conclusion of the period of twenty-five years after my death, the principal of this trust fund shall be divided equally among his children and his wife, counting his wife as a child. The share of each child shall at that time be paid to him or to her, but my said trustee shall hold in trust his wife's share, paying to her the income therefrom so long as she may live and at her death divide said share in equal parts among the children of the said Charlie Revis then living.
"(b) To divide the remainder of my estate as soon as practicable after my death into four equal shares for my wife and three children, the income and principal of each share to be disposed of when and as hereinafter provided.
"(c) To pay to my wife during her life or widowhood for her comfort and support the net income from one share, and so much of the principal thereof as may, in the discretion of my trustee, be necessary, and at her death or remarriage divide the remainder of her said share equally for my said three children, and pay to them the income and principal, when and as hereinafter provided, for their respective shares. *Page 348 
"(d) To pay to my daughter, Marguerite Smathers Jones, as soon as practicable after my death, one-fourth (1/4) of her share and pay to her the income and balance of principal in such amounts and at such times as my trustee, in its wise discretion, may deem advisable, over a period of ten years next following my death.
"(e) To pay to my daughter, Claudie Smathers, who is now in a sanatorium, during her lifetime the income and principal of her share in such amounts and at such times as my trustee may, in its wise discretion, deem advisable and best.
"In the event, however, that in the discretion of my trustee my said daughter should sufficiently recover from her illness to so receive her share of my estate, then my trustee is authorized to pay her one-fourth (1/4) of the principal and accrued interest, and pay to her the income and balance of principal in such amounts and at such times as the said trustee may, in its discretion, deem best, covering a period of five years following such recovery.
"(f) To pay to or for my son, J. L. Smathers, Jr., the net income from his share until he arrives at the age of twenty-one (21) years, and then pay to him one-fourth (1/4) of the principal of his share, if, in the discretion of my trustee, he is sober and industrious, and well qualified to receive and invest the same, and pay to him the income and balance of principal in such amounts and at such times as my trustee may, in its discretion, deem wise and advisable, covering a period of ten (10) years.
"In the event that my said son, on arriving at the age of thirty-one (31) years, has not received all his share of principal and income, then my trustee is authorized and directed to pay to him all of such balances.
"I am making the above provisions in connection with this bequest to my son, in order to help him in every way possible to wisely save and invest his share of my estate.
"(g) Inasmuch as my estate, not including life insurance, is principally invested in the stock of the J. O. Platt Company, at Canton, N.C. it is my desire and wish that such investment be retained by my trustee during the life of this trust so long as in its sound judgment the investment is safe and the business of the company is conducted along safe and profitable lines.
"My trustee is also authorized to retain any other stocks and bonds that I may own at my death so long during the life of this trust as, in its discretion, such investments are good and profitable. My trustee, however, shall not be liable for any losses that may be sustained by reason of such investments.
"(i) To invest and keep invested all the principal of my estate in such income producing or interest bearing securities as may be approved by the trust committee of my said trustee, until said estate has been discharged of the trust as herein provided." *Page 349 
After the execution by the plaintiff of the said last will and testament, to wit: On 17 March, 1926, the plaintiff and the Wachovia Bank and Trust Company entered into an agreement in writing, by which the plaintiff transferred, assigned, and set over to the Wachovia Bank and Trust Company certain policies of insurance on the life of the plaintiff, including the two policies which had been issued by the defendant to the plaintiff on 14 June, 1904. It is provided in said agreement that the Wachovia Bank and Trust Company shall hold the said policies of insurance on the life of the plaintiff in trust for certain purposes set out in said agreement, among others, the following:
"Fourth, At my death said trustee is to collect the proceeds of the said policies and hold the same, as well as any sums paid in thereon before my death, and to use, invest, and distribute the said funds as directed in my last will and testament, dated 30 October, 1925, in paragraph second, and subsections (a), (b), (c), (d), (e), (f), (g), and (i) thereof, and close this trust as and when directed in said paragraph of said will."
After the execution of said agreement by the plaintiff and the Wachovia Bank and Trust Company, and pursuant to its provisions, the plaintiff requested the defendant to change the beneficiary in each of the policies which had been issued to the plaintiff by the defendant on 14, June, 1904, by striking out of said policies the name of the original beneficiary and inserting in lieu thereof the name of the Wachovia Bank and Trust Company, trustee. This request was complied with by the defendant. The Wachovia Bank and Trust Company, trustee, is now the beneficiary named in each of said policies.
Mrs. Lillie M. Smathers, wife of the plaintiff, died some time prior to 12 March, 1935. Prior to that date plaintiff had suffered financial losses, as the result of which his estate had greatly diminished in value. For this reason the plaintiff desired to revoke both the last will and testament which he had executed on 30 October, 1925, and the trust which he had created by his agreement with the Wachovia Bank and Trust Company on 17 March, 1926. He was of the opinion that because of the greatly diminished value of his estate, the provisions of the last will and testament which he had executed and of the trust which he had created by his agreement with the Wachovia Bank and Trust Company were unjust and inequitable.
On 12 March, 1935, each of the following named beneficiaries of the trust which the plaintiff had created by his agreement with the Wachovia Bank and Trust Company, on 17 March, 1926, was over the age of twenty-one (21) years, to wit: Charlie Revis, Ella Revis, wife of Charlie Revis, Aubrey Revis, child of Charlie Revis, Marguerite Smathers Jones, Claudie Smathers, and James L. Smathers, Jr., children of the plaintiff. *Page 350 
At said date, the following named children of Charlie Revis, then living, were, each, under the age of twenty-one (21) years, to wit: Minnie, Charles, Jr., Elizabeth, Meta, Lush, Rosa Lee, Utie, and Eugene Revis.
On 12 March, 1935, J. L. Smathers, the plaintiff in this action, instituted an action in the Superior Court of Buncombe County against Wachovia Bank and Trust Company, Charlie Revis and his wife, Ella Revis, Aubrey Revis, Minnie Revis, Charles Revis, Jr., Elizabeth Revis, Meta Revis, Lush Revis, Rosa Lee Revis, Utie Revis, and Eugene Revis, the last eight being infant children of Charlie Revis, now living, and such other children of the said Charlie Revis as may be born hereafter, Marguerite Smathers Jones and her husband, Perry Jones, Claudie Smathers, and James L. Smathers, Jr.
After the institution of said action, by an order duly made therein, Carl W. Greene was duly appointed by the court as guardian ad litem for the eight infant defendants, children of Charlie Revis, now living, and also for such child or children of the said Charlie Revis as may be born hereafter. The said Carl W. Greene, guardian ad litem, was authorized by the court to employ, and did employ, counsel to represent him in the action.
On the facts alleged in the complaint in said action, J. L. Smathers, the plaintiff in this action, prayed judgment that both the last will and testament which he had executed on 30 October, 1925, and the trust which he had created by his agreement with Wachovia Bank and Trust Company on 17 March, 1926, be declared revoked and canceled.
Answers were duly filed by all the defendants in said action. No issue of fact was raised by the said answers. All the defendants, except Wachovia Bank and Trust Company and Carl W. Greene, guardian ad litem, in their several answers admitted that the plaintiff was entitled to the relief prayed for in his complaint, and consented that judgment should be rendered by the court in accordance with his prayer.
The tenth paragraph of the complaint is as follows:
"10. Plaintiff avers that he is advised, informed, and believes that the interests purporting to be devised in said last will and testament and trust agreement is not vested in the wards of the defendant Carl W. Greene, guardian ad litem for Minnie Revis, Charles Revis, Jr., Elizabeth Revis, Meta Revis, Lush Revis, Rosa Lee Revis, Utie Revis, and Eugene Revis, children of Charlie Revis and his wife, Ella Revis, now living, and for such as may be hereafter born of said marriage, but that said interests are contingent upon the happening of the events in the future designated and arising by reason of the terms of said last will and testament, or that at all events it cannot now be determined who would take under the terms of said last will and testament upon the *Page 351 
happening of the contingencies and future events named in said last will and testament."
Both the defendants Wachovia Bank and Trust Company and Carl W. Greene, guardian ad litem, in their separate answers, denied the allegations and averments made by the plaintiff in the 10th paragraph of his complaint; each alleged that the interests of the children of Charlie Revis, both those now living and those who may be born hereafter, in the subject matter of the trust created by the plaintiff, are vested and not contingent.
The action was heard at March Term, 1935, of the Superior Court of Buncombe County.
The court was of opinion that upon the admissions in the pleadings, the interests of the children of Charlie Revis in the subject matter of the trust created by the agreement between the plaintiff and the defendant Wachovia Bank and Trust Company, by virtue of the provisions of the last will and testament executed by the plaintiff, were contingent and not vested, and that for that reason the plaintiff was entitled to judgment in said action revoking and canceling both the trust created by the agreement and the last will and testament.
It was accordingly ordered and adjudged by the court "that the defendant Wachovia Bank and Trust Company enter a cancellation on its records of said trust agreement, and surrender to the plaintiff the property embraced by said agreement."
It was further ordered and judged by the court that "the defendant Wachovia Bank and Trust Company be and it is hereby fully acquitted and relieved by this judgment of any and all liability to any of the parties to this action, and stands discharged from any and all liability whatsoever on account of its relation as trustee to the matters involved in the trust agreement and will."
Neither of the defendants excepted to or appealed from said judgment.
After the said judgment was rendered, and in accordance with its provisions, the Wachovia Bank and Trust Company delivered the two policies of insurance on the life of the plaintiff in this action which were issued by the defendant to the plaintiff on 14 June, 1904, to the plaintiff, and thereupon the plaintiff requested the defendant to change the beneficiary in each of said policies by striking therefrom the name of Wachovia Bank and Trust Company, trustee, and inserting in lieu thereof the names of Marguerite Smathers Jones, Claudie Smathers, and James L. Smathers, Jr., children of the plaintiff. This request was refused by the defendant.
This action was begun in the Superior Court of Buncombe County on 3 April, 1936, and was heard at August Term, 1936, of said court.
On the facts agreed, the court was of opinion that the minor children of Charlie Revis and his wife, Ella Revis, now living, and their unborn *Page 352 
children, having been made parties to the action entitled "J. L. Smathersv. Wachovia Bank and Trust Company and others," and having been duly represented in said action by their guardian ad litem, Carl W. Greene, are bound by the judgment rendered in said action, and that the issue of law raised by the pleadings in this action, involving the question as to whether the interests of said children in the subject matter of the trust created by the plaintiff, and revoked by the judgment in that action, are vested or contingent, having been decided adversely to the contentions of the defendant in this action, the judgment in that action in accordance with said decision is conclusive upon the court in this action.
It was accordingly ordered and adjudged by the court "that the defendant, the Northwestern Mutual Life Insurance Company, forthwith endorse a change of beneficiaries in the said insurance policies sued on in this action, Nos. 585693 and 585694, from the Wachovia Bank and Trust Company, trustee, to Marguerite Smathers Jones, Claudie Smathers, and James L. Smathers, Jr., children of the plaintiff, and that the defendant pay the costs of this action, to be taxed by the clerk."
From the said judgment, the defendant appealed to the Supreme Court, assigning error in the judgment.
At the date of the institution in the Superior Court of Buncombe County of the action entitled, "J. L. Smathers v. Wachovia Bank and Trust Company and others," the defendants therein, to wit: Wachovia Bank and Trust Company, Charlie Revis, Ella Revis, Aubrey Revis, Marguerite Smathers Jones, Claudie Smathers, and James L. Smathers, Jr., were each sui juris. Each of said defendants filed an answer to the complaint in said action, and was represented by counsel. Neither of said defendants excepted to or appealed from the judgment in said action.
The defendants Charlie Revis, Ella Revis, Aubrey Revis, Marguerite Smathers Jones, Claudie Smathers, and James L. Smathers, Jrs. each of whom was over twenty-one years of age, admitted that on the facts alleged in his complaint the plaintiff J. L. Smathers was entitled to judgment in said action declaring that the trust which he had created by his agreement with Wachovia Bank and Trust Company on 17 March, 1926, was revoked and ordering that said agreement be canceled by the defendant Wachovia Bank and Trust Company. The said defendants having consented to the judgment rendered by the court in said action are bound by its provisions. They are forever concluded by said judgment from asserting any right or rights, legal or equitable, in or to the *Page 353 
subject matter of said trust. They have no interest, present or future, under and by virtue of said trust agreement, in or to the policies of insurance which were issued by the defendant in this action to the plaintiff on 14 June, 1904, and which are now in force according to their terms and provisions.
The defendant Wachovia Bank and Trust Company by its answer to the complaint in said action, raised the identical issue of law which the defendant has raised by its answer to the complaint in this action, to wit: Whether the interests of the children of Charlie Revis, under and by virtue of the provisions of the trust which was created by the plaintiff by his agreement with the Wachovia Bank and Trust Company on 17 March, 1926, are vested or contingent. That issue was decided by the court adversely to the contention of the Wachovia Bank and Trust Company in the action instituted by the plaintiff in the Superior Court of Buncombe County, to which the Wachovia Bank and Trust Company was a party. The judgment in accordance with said decision is binding on the Wachovia Bank and Trust Company. By reason of said judgment, revoking the said trust, and ordering the cancellation of said agreement by the Wachovia Bank and Trust Company, the Wachovia Bank and Trust Company now has no right, title, or interest in the subject matter of said trust, which includes the policies which the defendant in this action issued to the plaintiff on 14 June, 1904, and which are now in force according to their terms and provisions.
The infant children of Charlie Revis, who were living at the date of the institution in the Superior Court of Buncombe County of the action entitled "J. L. Smathers v. Wachovia Bank and Trust Company and others," and such children of the said Charlie Revis as may be born to him hereafter, were parties to said action. They were represented in said action by their duly appointed guardian ad litem, who filed an answer in their behalf to the complaint in said action. The said guardian ad litem, by his answer, raised the identical issue of law which the defendant in this action has raised by his answer to the complaint herein, to wit: Whether the interest of the children of Charlie Revis, under and by virtue of the provisions of the trust which was created by the plaintiff by his agreement with Wachovia Bank and Trust Company on 17 March, 1926, are vested or contingent. That issue was decided by the court adversely to the contention of the guardianad litem in the action instituted by the plaintiff in the Superior Court of Buncombe County, to which the said children of Charlie Revis, both those now living and those who may be born to him hereafter, were parties. The judgment in accordance with said decision is binding on the said children of Charlie Revis, and concludes them from hereafter asserting any right, title, or interest, legal or equitable, to the subject matter of said *Page 354 
trust, which includes the policies of insurance which the defendant issued to the plaintiff on 14 June, 1904, and which are now in force according to their terms and provisions, unless as contended by the defendant, the judgment is void for the reason that the court had no jurisdiction of the subject matter of the action in which the judgment was rendered.
The contentions of the defendant that said judgment is void, and therefore subject to collateral attack, now or hereafter, cannot be sustained. Conceding without deciding, for the reason that that question is not presented by this appeal, that the judgment is erroneous, we must hold that the judgment is not void. Starnes v. Thompson, 173 N.C. 466,92 S.E. 259; McIntosh, N.C. Prac. and Proc., p. 734. The court was of opinion and so decided that the interests of the children of Charlie Revis, in the subject matter of the trust created by the plaintiff by his agreement with the Wachovia Bank and Trust Company on 17 March, 1926, were contingent and not vested, and that for this reason under the provisions of C. S., 996, the trust was revocable. The judgment was rendered in accordance with the decision of the court of the issue of law raised by the pleadings. Although the judgment may be erroneous, it is not void.
By virtue of the judgment rendered in the action entitled "J. L. Smathers v. Wachovia Bank and Trust Company and others," the trust created by the plaintiff by his agreement with the Wachovia Bank and Trust Company on 17 March, 1926, has been revoked both as to the trustee and as to all the beneficiaries of the said trust. All the property which was the subject matter of the trust has reverted to the plaintiff in this action. He is entitled to the policies of insurance on his life which were issued to him by the defendant on 14 June, 1904, and there is no error in the judgment ordering and directing the defendant to change the beneficiary in said policies in accordance with the request of the plaintiff.
The judgment is
Affirmed.