RONNIE BURLESON, By his NEXT FRIEND EARLE BURLESON v. JOHNNY HELTON
AND
EARL BURLESON v. JOHNNY HELTON.
AND
MRS. GRACE BURLESON v. JOHNNY HELTON.
AND
DIANA WHITTEMORE, By her NEXT FRIEND, VANCE WHITTEMORE v. JOHNNY HELTON.
AND
VERONA WHITTEMORE, By her NEXT FRIEND, VANCE WHITTEMORE v. JOHNNY HELTON.

(Filed 27 February 1963.)

APPEAL by defendant from *Martin, S.J.,* November 1962 Regular Civil Term of BUNCOMBE.

Actions to recover damages for personal injuries.

Plaintiffs' evidence tends to establish the following facts: The five plaintiffs and three other persons were passengers in an automobile owned and being operated by defendant. The accident occurred about 1:30 P.M., 10 June 1962, in Yancey County on Highway 197, a mountain road known as the Ivy Gap Road. The weather was clear and the road was dry. But the road was rough and unpaved and had many curves and narrow places. They were proceeding down the mountainside, and were meeting two jeeps. There was a narrow place in the road about equally distant from the jeeps and defendant's car. One of the plaintiffs warned defendant that there was a narrow place in the road and that he would be unable to pass the jeeps at the narrow point, and asked defendant to stop. Defendant did not heed the warn-

ing. The jeeps stopped one behind the other against the mountain at the narrow place in the road. Defendant continued forward and started around the jeeps. There was not room to pass. Defendant "cut" his car "off the road"; the earth began to "crumble" at the edge of the bank, he gave "it a lot of gas" and "tried to come back in against the jeep" but there wasn't enough room; and the car went off the bank, down the mountainside, turned over three or four times, landed on "some big rocks" and lodged against a tree. Plaintiffs were injured.

Defendant offered no evidence. The jury found that plaintiffs were injured by reason of defendant's negligence and awarded damages in each case. From judgments in conformity with the verdicts defendant appeals.

*James S. Howell for plaintiffs.*
*Horner & Gilbert for defendant.*

PER CURIAM. The court in its discretion consolidated the five cases for trial. In this no prejudicial error appears. "A discretionary order consolidating actions for trial will not be disturbed on appeal in the absence of a showing of injury or prejudice to the appealing party." 4 Strong: N. C. Index, Trial, s. 8, p. 294. The trial court properly denied defendant's motion for nonsuit, and defendant's exceptions to the admission of evidence are not sustained. Considered contextually the charge is adequate. A new trial will not be awarded for mere technical error when it appears that the jury could not have been misled thereby.

No error.