H. L. KING, ADMINISTRATOR OF THE ESTATE OF BYRON SHARPE, DECEASED v. RONALD K. GRINDSTAFF, SR., RONALD K. GRINDSTAFF, JR., INDIVIDUALLY AND TRADING AS RONALD K. GRINDSTAFF & SON; LEONARD ROSS LEWIS AND BRADLEY LUMBER COMPANY, INC.

---

H. L. KING, ADMINISTRATOR OF THE ESTATE OF BERLIN SHARPE, DECEASED v. RONALD K. GRINDSTAFF, SR., RONALD K. GRINDSTAFF, JR., INDIVIDUALLY AND TRADING AS RONALD K. GRINDSTAFF & SON; LEONARD ROSS LEWIS AND BRADLEY LUMBER COMPANY, INC.

No. 30

(Filed 12 December 1973)

1. Judgments § 36— collateral estoppel by judgment

Under the principle of collateral estoppel by judgment, parties and parties in privity with them—even in unrelated causes of action—are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination.

2. Judgments § 38— collateral estoppel by judgment — federal and state actions — identity of parties

Where a mother and daughter injured in a collision with a truck recovered judgments for their personal injuries in federal court against the driver, owners and lessee of the truck, the personal representative of the husband and a son who were killed in the same accident brought wrongful death actions in a state court against the same defendants, and the mother and daughter would be the sole beneficiaries of any recovery in the wrongful death actions brought in the state court, the requirement of identity of parties in order for collateral estopped to be applicable was met, since the mother and daughter were the real parties in interest in the wrongful death actions.

3. **Judgments § 37— collateral estoppel by judgment — identity of issues**

In determining whether collateral estoppel is applicable to specific issues, certain requirements must be met: (1) The issues to be concluded must be the same as those involved in the prior action; (2) the issues must have been raised and actually litigated in the prior action; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

4. **Judgments § 36— collateral estoppel — erroneous judgment — binding effect**

Normally no matter how erroneous a final valid judgment may be on either the facts or the law, it has binding *res judicata* and collateral estoppel effect in all courts, federal and state, on the parties and their privies.

5. **Judgments § 38— collateral estoppel by judgment — federal and state actions — identity of issues**

Where a mother and daughter were injured and the father and a son were killed in a collision with a truck, the mother and daughter recovered judgment in a federal court against the driver and the corporate lessee of the truck, and the personal representative of the deceased father and son instituted a wrongful death action in a state court against the driver and corporate lessee; a finding that the truck driver was acting within the scope of his employment with the corporate lessee at the time of the collision was implicit in the federal court judgment which found that the driver was an employee of the corporate lessee and that the driver's negligence was imputable to the lessee, the issues in the federal and state actions were identical, and under the doctrine of collateral estoppel by judgment the only issue remaining for jury determination in the state wrongful death action was the issue of damages.

ON *certiorari* to review the decision of the Court of Appeals reported in 17 N.C. App. 613, 195 S.E. 2d 364 (1973), which affirmed summary judgment for plaintiff entered by *Collier, J.,* at the 13 October 1972 Session of FORSYTH Superior Court.

Plaintiff, as administrator of the estates of Byron and Berlin Sharpe, seeks to recover damages for his intestates' wrongful deaths that resulted from an automobile and tractor-trailer collision on 25 November 1966. The two actions were ordered continued by the presiding judge pending the final outcome of two companion cases for personal injuries that had been instituted by Alice Sharpe and Juanita Sharpe, by her next friend, in United States District Court for the Middle District of North Carolina, Winston-Salem Division.

The facts underlying these four cases, except those concerning damages, are the same. On 25 November 1966 Alice Sharpe

was driving her automobile southward on U. S. Highway 29 Bypass (temporary I-85) en route to her home in Atlanta, Georgia. She was accompanied by her husband Berlin, her minor son Byron, and her eleven-year-old daughter Juanita. She was near a point outside Lexington, North Carolina, where U. S. 29-A returns from the business district to reunite in a "Y" configuration with U. S. 29. Leonard Ross Lewis, who was driving a tractor-trailer truck on U. S. 29-A in a southerly direction, approached the merger point from the left just as the Sharpe automobile approached from the right. A double yellow line divided the two southbound lanes. The Sharpe automobile and the truck continued along side by side, each vehicle on its own half of the road and each observing the proper speed limits. When the yellow lines stopped and broken white lines began, Lewis checked his rear-view mirror but did not check the auxiliary mirror at the bottom of the rear-view mirror that shows traffic beside the truck. Unable to see the Sharpe automobile hidden in his rear-view's "blind spot" area, he flashed his right turn signal and immediately began to change into the right lane. The Sharpe automobile was alongside the cab of the truck before Lewis gave the signal and therefore Alice Sharpe was not in a position to see it. As Lewis's truck crossed the dividing line, his right front fender struck the automobile's left rear quarter panel. Momentarily the two vehicles were hooked together. Then the truck jackknifed, and as it did, the automobile shot forward and crashed into a bridge abutment. Alice Sharpe and her daughter Juanita were thrown from the automobile and seriously injured. Her husband Berlin and her minor son Byron died as a result of injuries received in the accident.

The truck driven by Lewis was owned by Ronald K. Grindstaff & Son, a partnership consisting of Ronald K. Grindstaff, Sr., and Ronald K. Grindstaff, Jr. (hereinafter referred to as the Grindstaffs). At the time of the accident the truck was leased to Bradley Lumber Company, Inc. (hereinafter referred to as Bradley), and Lewis had just completed delivering a load of lumber in Lexington for Bradley.

Alice and Juanita Sharpe—Juanita by her next friend, H. L. King—brought suit under diversity of citizenship in the United States District Court for the Middle District of North Carolina, Winston-Salem Division, seeking recovery for permanent injuries, pain and suffering, and medical expenses. The complaints in Alice's and Juanita's suits—which are substantially identical

to the complaints involved in these wrongful death actions—alleged that Lewis was negligent, that his negligence was the proximate cause of the injuries sustained, and that Lewis was driving the truck as the agent and servant of the Grindstaffs and Bradley and in furtherance of their business and within the scope of his authority from them. Alice and Juanita sought recovery against the same parties named as defendants in these wrongful death actions—the Grindstaffs, individually and trading as Ronald K. Grindstaff & Son; Leonard Ross Lewis; and Bradley.

The personal injury actions were heard by Judge Gordon without a jury. Judge Gordon's findings of fact and conclusions of law are set out in *Sharpe v. Grindstaff*, 329 F. Supp. 405, 411 (M.D.N.C. 1970), as follows:

> "In summary, it is concluded that Alice K. Sharpe and Juanita Sharpe, as a proximate result of the negligence of Leonard Ross Lewis, suffered severe and multiple injuries; that Leonard Ross Lewis, when the collision in question occurred, was acting within the scope of his employment for R. K. Grindstaff and Son; that there was no agency relationship either between Lewis and Bradley Lumber Company, Inc., or between the Grindstaffs and Bradley Lumber Company, Inc., and that Alice K. Sharpe was not contributorily negligent in the driving of her automobile."

Judgments in the total amount of $115,000 for Alice and Juanita were entered against Lewis and the Grindstaffs, the Grindstaffs being held liable under the doctrine of *respondeat superior*. The Grindstaffs and Lewis did not appeal from these judgments. Alice and Juanita, however, did appeal to the Fourth Circuit Court of Appeals, raising the single issue of whether Lewis was an employee of Bradley as well as the Grindstaffs. In holding that Lewis was not an employee of Bradley, Judge Gordon noted that the evidence presented "unfolded a rather unique business arrangement between Lewis, the Grindstaffs, and Bradley Lumber Company, Inc." 329 F. Supp. at 409. Part of this rather complicated arrangement was reviewed by Judge Sobeloff for the Circuit Court of Appeals:

> "The business relationship among the Bradley Lumber Company, the partnership, Grindstaff [Jr.], and Lewis can only be described as loose and informal, due in part perhaps to a family relationship. . . .

"Lewis received his entire compensation . . . by checks drawn by Bradley Lumber Company. The company [Bradley] treated Lewis as its employee. It not only carried him on its payroll, but reported him as its employee to the United States Internal Revenue Service, Social Security Administration, and the North Carolina taxing authorities. It also included him in its group hospitalization plan. Moreover, Bradley carried Lewis as an employee for unemployment and workmen's compensation purposes. By so doing, Bradley Lumber Company was under the protection that the North Carolina law affords employers—relief from unlimited liability at common law for employee injuries proximately caused by the employer's negligence. . . ." *Sharpe v. Bradley Lumber Co.*, 446 F. 2d 152, 154 (1971).

After reciting other similar aspects of the Lewis and Bradley arrangement, Judge Soboloff concluded:

"We think that these facts ineluctably establish that Lewis was no less an employee of the Bradley Lumber Company than of R. K. Grindstaff & Son and that his negligence which brought injuries to the Sharpes is imputable to both. . . . If, as the appellee [Bradley] claims, the arrangements with respect to Lewis' employment were rooted in a desire of Grindstaff and Bradley to effect a 'convenient accommodation,' [as found by Judge Gordon] this does not alter the legal consequences of their agreement, particularly when the rights of innocent third parties injured by Lewis' negligence are involved.

". . . Bradley's belated disavowal of Lewis as an employee after the accident that injured the Sharpes cannot prevail over the clear evidence to the contrary in this record." 446 F. 2d at 155.

Accordingly, the Circuit Court of Appeals held that Alice and Juanita were entitled to judgments against Bradley as well as the Grindstaffs and Lewis, and reversed and remanded the cases for entry of judgment against Bradley.

Defendant Bradley then petitioned the entire membership of the Fourth Circuit Court of Appeals for a rehearing, or in the alternative, a rehearing *en banc,* Bradley contending that Lewis had deviated from his employment with Bradley and that the Court's decision should be reversed because of the deviation. This petition was denied, and Bradley then petitioned for

*certiorari* before the United States Supreme Court on the same grounds. This petition was also denied. *Bradley Lumber Co., Inc. v. Sharpe et al.,* 405 U.S. 919, 30 L.Ed. 2d 789, 92 S.Ct. 946 (1972).

Following entry of judgments against Bradley in the United States District Court, plaintiff was allowed to amend his complaint in each of the wrongful death cases to allege prior adjudication in the Federal Court. His amendment to each complaint reads in part as follows:

> "That since the institution of this action, two companion suits involving, in substance, the same allegations of fact and substantially the same complaints and answers, all growing out of the same accident . . . [t]his plaintiff pleads the doctrine of *res judicata* in this case by virtue of the said verdicts, findings of fact, conclusions of law and judgments in said companion cases in said Federal Court, and further alleges that the only issue remaining for the jury in this case is the issue of damages."

Only defendant Bradley filed answers to plaintiff's amendments. The answers were in the form of motions to dismiss plaintiff's plea of *res judicata* for the following reasons: (1) "The parties in this action are neither the same as the parties in the two United States District Court actions, nor are they privy to each other." (2) "The subject matter of this action is different from the subject matter of the United States District Court actions and, therefore, *res judicata* does not apply," and (3) "The actions of the majority of the Circuit Court Judges, in reversing the judgment of Judge Gordon, and in ordering that judgment be entered against Bradley Lumber Company, Inc., was contrary to the law of North Carolina, contrary to the evidence, and contrary to Rule 52, Federal Rules of Civil Procedure and other rules of the United States Courts under which the parties litigated and, therefore, the North Carolina Court should not be, and is not, bound by the Federal Court judgments."

Plaintiff then filed a motion in each case under Rule 56 of the North Carolina Rules of Civil Procedure moving for summary judgment "(1) as to Leonard Ross Lewis as an employee and agent of defendants, (2) as to negligence of Leonard Ross Lewis, (3) as to his negligence being the proximate cause of the alleged collision, and (4) as acting as agent within the

scope of his employment at the time of the accident, and (5) as to plaintiff's intestate being free of contributory negligence, leaving only the issue of damages to be determined by a jury."

The presiding judge, after considering all pertinent evidence and oral argument, entered the following order for summary judgment in each of the wrongful death cases:

"And it appearing to the Court that this action and the above-designated Federal Court actions arise out of the same incident and involve the same named, beneficial, or real parties in interest, both plaintiff and defendants, the same subject matter, and the same issues as to negligence of the drivers of the vehicles involved and agency, and that, except as to the issues of damages, all pertinent issues arising between the plaintiff and defendants have been finally adjudicated in the Federal Court actions; that all of the issues except the issue of damages have been answered in favor of the plaintiff and against all of the defendants herein;

"And it appearing to the Court and the Court finding that there is no genuine issue as to any material fact herein except as to the amount of damages, and having concluded that plaintiff is entitled to judgment as a matter of law for such amount as shall be found to be due as damages;

"Now, THEREFORE, IT IS ORDERED that the motion of plaintiff for Summary Judgment on all issues except the issue of damages be granted, and that this cause be placed on the jury calendar for trial on the sole issue of damages."

Only defendant Bradley appealed to the Court of Appeals from the judge's entry of summary judgment. The Court of Appeals, in an opinion by Judge Morris concurred in by then Chief Judge Mallard and Judge Hedrick, affirmed. We allowed *certiorari* on 1 June 1973.

*Womble, Carlyle, Sandridge & Rice by W. F. Womble; Smith, Moore, Smith, Schell & Hunter by Richmond G. Bernhardt, Jr., for defendant appellant Bradley Lumber Company, Inc.*

*Deal, Hutchins and Minor by Fred S. Hutchins, Sr., for plaintiff appellee.*

MOORE, Justice.

The sole question presented on this appeal is whether the trial court erred in allowing plaintiff's motion for summary judgment based on his plea of *res judicata,* leaving only the issue of damages for trial.

*Res judicata* deals with the effect of a former judgment in favor of a party upon a subsequent attempt by the other party to relitigate the same cause of action. In *Masters v. Dunstan,* 256 N.C. 520, 124 S.E. 2d 574 (1962), this Court stated:

> " 'It is fundamental that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and privies, in all other actions involving the same matter.' *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157. '. . . (W)hen a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed.' *Humphrey v. Faison,* 247 N.C. 127, 100 S.E. 2d 524, citing and quoting *Armfield v. Moore,* 44 N.C. 157.
>
> "An estoppel by judgment arises when there has been a final judgment or decree, necessarily determining a fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit. *Cannon v. Cannon,* 223 N.C. 664, 28 S.E. 2d 240; *Distributing Co. v. Carraway,* 196 N.C. 58, 144 S.E. 535."

See also *Shaw v. Eaves,* 262 N.C. 656, 138 S.E. 2d 520 (1964).

In Federal Court, Alice Sharpe and her daughter Juanita sued the Grindstaffs, driver Lewis, and Bradley for personal injuries sustained as a result of the alleged negligence of Lewis. In that litigation the Sharpes were required to prove that Lewis was negligent and that his negligence was imputable to the Grindstaffs and Bradley under the theory of *respondeat superior.* To recover under North Carolina's wrongful death statute the plaintiff in the present cases must also prove negligence and imputability. In Federal Court the Sharpes sought recovery for

their own personal injuries. The present litigation seeks recovery for the alleged wrongful deaths of Byron and Berlin Sharpe. Hence the causes of actions are not identical.

[1] Under a companion principle of *res judicata*, collateral estoppel by judgment, parties and parties in privity with them— even in unrelated causes of action—are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination. *Masters v. Dunstan, supra; Deaton v. Elon College,* 226 N.C. 433, 38 S.E. 2d 561 (1946) ; 5 Strong, N. C. Index 2d, Judgments § 35 (1968) ; 46 Am. Jur. 2d, Judgments § 418 (1969). See also *Poindexter v. Bank,* 247 N.C. 606, 101 S.E. 2d 682 (1958) ; *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82 (1947). As stated by Mr. Justice Murphy in *Commissioner v. Sunnen,* 333 U.S. 591, 599, 92 L.Ed. 898, 907, 68 S.Ct. 715, 720 (1948) : "[Collateral estoppel] is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally."

The distinction between *res judicata* and collateral estoppel or estoppel by judgment was stated by Mr. Justice Field in *Cromwell v. County of Sac,* 94 U.S. 351, 353, 24 L.Ed. 195, 198 (1877) :

". . . The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever.

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

This distinction was recognized and approved in *Clothing Co. v. Hay,* 163 N.C. 495, 79 S.E. 955 (1913) ; *Ferebee v. Sawyer,* 167 N.C. 199, 83 S.E. 17 (1914).

[2] To determine whether collateral estoppel applies in the present cases, it must first be decided whether the parties in these suits and those in the former Federal litigation are the same, or stand in privity to the parties in the former litigation. The Federal litigation was between the same defendants and plaintiffs Alice Sharpe and Juanita Sharpe by her next friend H. L. King. H. L. King as next friend for Juanita Sharpe was not a party in the legal sense; rather he was an officer appointed by the court to protect the interest of the minor, the minor being the real party in interest and the real plaintiff. *Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321 (1938) ; *Krachanake v. Manufacturing Co.,* 175 N.C. 435, 95 S.E. 851 (1918) ; *George v. High,* 85 N.C. 113 (1881). Therefore, the real parties in the Federal litigation were the two Sharpes as plaintiffs with the same three defendants involved in the present cases.

Defendant Bradley contends that although the same defendants are involved in both the Federal and State litigation, the plaintiffs differ in that the plaintiffs in the Federal cases are neither the same parties nor in privity with the plaintiff in this litigation—H. L. King as administrator of the estates of Byron and Berlin Sharpe. Bradley readily concedes that the plaintiffs in the Federal personal injury actions, Alice and Juanita Sharpe, would be the sole beneficiaries of any recovery in the wrongful death actions now before this Court. It asserts, however, that this is not enough to warrant a conclusion that the requirement of identity of parties or parties in privity is met in order for collateral estoppel to be applicable.

Whether or not a person was a party to a prior suit "must be determined as a matter of substance and not of mere form." *Chicago, R.I. & P. Ry. v. Schendel,* 270 U.S. 611, 618, 70 L.Ed. 757, 763, 46 S.Ct. 420, 423 (1926). "The courts will look beyond the nominal party whose name appears on the record as plaintiff and consider the legal questions raised as they may affect the real party or parties in interest." *Davenport v. Patrick,* 227 N.C. 686, 44 S.E. 2d 203 (1947).

"In an action to recover damages for wrongful death the real party in interest is the beneficiary under the statute for whom recovery is sought, and not the administrator." *In re Estate of Ives,* 248 N.C. 176, 102 S.E. 2d 807 (1958). See also *Broadfoot v. Everett,* 270 N.C. 429, 154 S.E. 2d 522 (1967) ; *Davenport v. Patrick, supra;* G.S. 1A-1, Rule 17. Therefore, we conclude that the requirement of identity of parties is met.

In reaching the conclusion that the parties in the Federal litigation and in this litigation are the same, we are not unaware of the rather unique factual situation presented here. Here the *only* beneficiaries of the Byron and Berlin Sharpe estates—Alice and Juanita Sharpe—were also injured in the accident that gave rise to their personal injury suits against the same three defendants. Had only Alice Sharpe been in the accident with Byron and Berlin Sharpe—unaccompanied by her daughter Juanita—then only Alice Sharpe would have sued in Federal Court for personal injuries and a different factual situation would be presented in this litigation. Thus it is important to note that our holding that the parties in this litigation are the same as those in the Federal litigation is limited to the particular facts in the instant cases.

[3]    Having decided that the parties are the same, we must next determine whether another requirement for the application of collateral estoppel—identity of issues—is present. In determining whether collateral estoppel is applicable to specific issues, certain requirements must be met: (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment. 1B Moore's Federal Practice § 0.443[1] (2d Ed. 1965). See also *Masters v. Dunstan, supra; Ferebee v. Sawyer, supra; Clothing Co. v. Hay, supra;* 5 Strong, N. C. Index 2d, Judgments § 35 (1968) ; 8 Encyclopedic Digest of N. C. Reports, Judgments §§ 364, 412 (1918).

In both the Federal litigation and the present cases the issues determinative of Bradley's liability are the negligence of Lewis and the imputability of Lewis's negligence to Bradley. These material and relevant issues, necessary and essential to the Federal Courts' judgments, were decided against defendant Bradley. The Fourth Circuit Court of Appeals, after setting out facts relating to the relationship of defendants Grindstaffs, Lewis, and Bradley, said: "We think that these facts ineluctably establish that Lewis was no less an employee of the Bradley Lumber Company than of R. K. Grindstaff & Son and that his negligence which brought injuries to the Sharpes is imputable to both." 446 F. 2d at 155. That Court then concluded " . . . [T]he appellants are entitled to judgment against Bradley Lumber Company as well as R. K. Grindstaff & Son." 446 F. 2d at 155.

Bradley contends, however, that there was no finding that Lewis, although an employee of Bradley, was acting in the course and scope of his employment at the time of the collision. Before the Circuit Court of Appeals could conclude that both the Grindstaffs and Bradley were liable for the negligence of Lewis, it was compelled to find, as plaintiffs alleged in the complaints, that Lewis was negligent, that his negligence was the proximate cause of plaintiffs' injuries, and that the relationship of master and servant existed between Bradley and Lewis at the time of the injuries and in respect to the very transaction out of which the injuries arose. *Jackson v. Mauney,* 260 N.C. 388, 132 S.E. 2d 899 (1963) ; *Lindsey v. Leonard,* 235 N.C. 100, 68 S.E. 2d 852 (1952) ; *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757 (1950). See also *Southerland v. R. R.,* 148 N.C. 442, 62 S.E. 517 (1908). While the Federal judgments do not set out in detail the specific fact that Lewis was acting in the scope of his employment at the time of the collision, when a judgment does not set forth in detail the facts found by the court, it is presumed that the court upon proper evidence found the essential facts necessary to support the judgment entered. *Craver v. Spaugh, supra; McCune v. Manufacturing Co.,* 217 N.C. 351, 8 S.E. 2d 219 (1940). The crucial issues in the Federal cases were the negligence of Lewis and the liability of the Grindstaffs and Bradley for that negligence. Those issues were there decided against Bradley. When an issue has been directly tried and decided, it cannot be contested again between the same parties or their privies in the same or any other court. *Craver v. Spaugh, supra; Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157 (1942) ; *Clothing Co. v. Hay, supra.* "This rule prevails as to matters essentially connected with the subject matter of the litigation and necessarily implied in the final judgment, although no specific finding may have been made in reference thereto. If the record of the former trial shows that the judgment could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties." *Craver v. Spaugh, supra.*

As stated in 1B Moore's Federal Practice § 0.443[4] (2d Ed. 1965) :

"[Collateral estoppel's] requirement that an issue must have been determined by adjudication in the prior action is . . . significant . . . in situations in which the issue was

undoubtedly raised and litigated in the prior action, but either was not in fact determined or cannot conclusively be shown to have been determined by the resulting judgment. In discovering what issues were determined by the judgment in a prior action, the court in the second action is free to go beyond the judgment roll, and may examine the pleadings and the evidence in the prior action. And if the rendering court made no express findings on issues raised by the pleadings or the evidence, the court may infer that in the prior action a determination appropriate to the judgment rendered was made as to each issue that was so raised and the determination of which was necessary to support the judgment."

See also *Gunter v. Winders,* 253 N.C. 782, 117 S.E. 2d 787 (1961) ; *Southerland v. R. R., supra.*

[4] .Furthermore, Bradley's contention that this Court should not be bound by the Federal judgments since the Federal Courts erroneously applied North Carolina law and did not follow established rules of Federal procedure ignores an important rule applicable to *res judicata* and collateral estoppel. To be valid a judgment need not be free from error. Normally no matter how erroneous a final valid judgment may be on either the facts or the law, it has binding *res judicata* and collateral estoppel effect in all courts, Federal and State, on the parties and their privies. 1B Moore's Federal Practice § 0.405 [4.—1] (2d Ed. 1965). See *Hampton v. Pulp Co.,* 223 N.C. 535, 27 S.E. 2d 538 (1943) ; *In re Young,* 222 N.C. 708, 24 S.E. 2d 539 (1943) ; *Smathers v. Insurance Co.,* 211 N.C. 345, 190 S.E. 229 (1937) ; 5 Strong, N. C. Index 2d, Judgments § 18 (1968).

[5] While recognizing this principle, we agree with the North Carolina Court of Appeals that the issues determinative of Bradley's liability, including the issue of Lewis's acting within the scope of his employment with Bradley at the time of the accident, were considered by the Federal Courts and answered against Bradley. This conclusion is amply supported by the pleadings and the evidence in the cases in the Federal Courts.

Full faith must be given by State courts to final Federal Court judgments. Therefore, the parties hereto are bound by the judgments in the Federal Courts. *Motor Lines v. Johnson,* 231 N. C. 367, 57 S.E. 2d 388 (1950) ; *Yerys v. Insurance Co.,* 210 N.C. 442, 187 S.E. 583 (1936) ; 5 Strong, N. C. Index 2d, Judgments § 38 (1968).

For the reasons stated we hold that the issues of Lewis's actionable negligence and the imputability of his negligence to Bradley were conclusively determined in the Federal Courts between the same parties in interest involved in the present cases. Therefore, the trial court did not err in granting plaintiff's motion for summary judgment and directing that the causes be placed on the jury calendar for the trial on the sole issue of damages.

The decision of the Court of Appeals is affirmed.

Affirmed.