JOSEPH D. COKER v. BASIC MEDIA, LTD.

---

ARTHUR LEE CANFIELD v. BASIC MEDIA, LTD.

No. 8228SC322

(Filed 5 July 1983)

Limitations of Actions § 4.5— instruments not under seal—contract breached— three-year statute of limitations applying—federal court decision determinative

A federal order which found that plaintiffs' cause of action accrued in 1973 when plaintiffs declared the entire amount of two notes due and payable and which found that the three-year statute of limitations for breach of contract barred their action which was not brought until 1980 was proper. Application of collateral estoppel depended on if the issue of whether the instruments were under seal was "raised and actually litigated," and although no explicit findings were made on the seal question, the federal court's decision could not have been made without a determination that the notes were not under seal.

Judge PHILLIPS dissenting.

APPEAL by plaintiffs from *Lewis (Robert D.), Judge.* Judgment entered 20 November 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 10 February 1983.

These separate actions were brought by the plaintiffs for sums allegedly due from the defendant on two promissory notes held by each plaintiff.

Both complaints alleged that the defendant delivered two promissory notes to each plaintiff, one non-negotiable and unsecured and the other negotiable and secured. The alleged date of delivery of the notes was 31 July 1970. The complaints were filed 30 July 1980.

In almost identical answers to the two complaints, the defendant alleged that because the plaintiffs declared all sums due and payable on 6 September 1973 and this action was not brought until 1980, the three-year statute of limitations under G.S. 1-52(1) is a bar to this action. The defendants pled five other identical defenses in each case.

First, an action by these two plaintiffs against the defendant on the same notes that are the subject of this action was filed in the United States District Court for the District of Columbia on 19 June 1979. The judgment of that court, entered on 4 January 1980, held that the defendant only owes the final two payments on each non-negotiable promissory note. That judgment is pled as *res judicata* to this action.

Second, the defendant alleged that it tendered a check to the plaintiffs in the full amount of the federal court judgment and that the check has been paid. That payment is alleged to satisfy any judgment against the defendant and to be a bar to this action. Defendant also argued that acceptance of the check was complete satisfaction under G.S. 1-540.

Fourth, the defendant contended that by accepting the check, the plaintiffs ratified the federal court judgment and are estopped to deny it. Finally, the defendant argued that this action was brought to harass it and that as a result, the plaintiffs should be required to pay punitive damages.

In the order that is the basis of this appeal, the trial judge found that the parties agreed that the federal court judgment is entitled to full faith and credit. But the plaintiffs contended that it should not be given *res judicata* effect because it was not a final judgment on the merits.

The order below held for the defendant on three grounds. First, the federal court's application of the District of Columbia's three-year statute of limitations for breach of contract and fraud necessarily includes a finding that the notes were not under seal.

Second, the federal judgment is *res judicata* to this action. Finally, the statute of limitations in these cases is the same in North Carolina as it is in the District of Columbia.

Both plaintiffs appealed from the order to this Court.

*Bennett, Kelly & Cagle, by Harold K. Bennett, for plaintiff-appellants.*

*Roberts, Cogburn, McClure and Williams, by Max O. Cogburn and Isaac N. Northup, Jr., for defendant-appellee.*

ARNOLD, Judge.

The effect of the 1980 order of the District of Columbia federal court determines this action. If we hold that we are bound by the conclusion of that order that the instruments sued upon were not sealed, then the plaintiffs are barred by the three-year statute of limitations under G.S. 1-52(1).

The federal order found that the cause of action accrued on 6 September 1973 when the plaintiffs declared the entire amount of the notes due and payable. We agree.

The three-year statute of limitations for breach of contract begins to run in North Carolina when the contract is breached. *Rawls v. Lampert*, 58 N.C. App. 399, 400, 293 S.E. 2d 620, 621 (1982). The defendants were in default on 6 September 1973 and default on the notes was a breach of contract.

Although the federal order did not state explicitly that the notes were not instruments under seal, it implicitly held this to be true when it applied the three-year statute of limitations for contract actions to bar the plaintiffs' recovery on all the notes, except for the last two installments on the non-negotiable notes. In fact, the seal issue was clearly before the federal court, contrary to what the dissent says. In the plaintiffs' statement in opposition to the defendants' motion for partial summary judgment filed on 16 October 1979, they acknowledge the applicable law.

> In other jurisdictions, these promissory notes would be instruments under seal subject to the provisions of a statute of limitations provision of 12 years or longer, but counsel for the Defendants has directed attention to two cases in the

District of Columbia stating that the corporate seal does not make such an instrument an instrument under seal.

Before we give collateral estoppel effect to the federal order's determination that the notes were not under seal, certain requirements must be met.

(1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*King v. Grindstaff*, 284 N.C. 348, 358, 200 S.E. 2d 799, 806 (1973); 1B Moore's Federal Practice ¶ 0.443[1] (2d ed. 1982).

The issues here are the same as in the federal action. Whether that action decided that the instruments were not under seal was relevant and necessary to its decision. Thus, three of the four requirements are easily met.

Application of collateral estoppel here depends on if the seal issue was "raised and actually litigated." Although no explicit findings were made on the seal question, the federal court's decision could not have been made without a determination that the notes were not under seal. In such a case, "the court may infer that in the prior action a determination appropriate to the judgment rendered was made as to each issue that was so raised and the determination of which was necessary to support the judgment." 1B Moore's, *supra*, at ¶ 0.443(4). We also note King's language that "If the record of the former trial shows that the judgment could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties." *Id.* at 359, 200 S.E. 2d at 807. As discussed above, the record shows that the District of Columbia cases on instruments under seal were before the federal court.

Because the cause of action accrued on 6 September 1973 and the plaintiffs did not file this suit until 31 July 1980, this action is barred by the G.S. 1-52(1) three-year statute of limitations.

For these reasons, we affirm the trial judge's dismissal of the plaintiffs' actions.

Affirmed.

Judge WHICHARD concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

Collateral estoppel precludes parties from retrying fully litigated issues that were determined in a prior action. *King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E. 2d 799, 805 (1973). The majority believes the issue of whether the notes in question were under seal has been fully litigated since it was implicitly decided by the federal court. It is true that an issue will be deemed settled if the record of the former trial shows the matter was necessarily determined by the prior judgment. *King v. Grindstaff, supra*, at 359. The court in the subsequent action may review the pleadings and evidence to discover which issues were determined in the prior action. 1B *Moore's Federal Practice* ¶ 0.443[4] (2d ed. 1982); *King v. Grindstaff, supra; Gunter v. Winders*, 253 N.C. 782, 117 S.E. 2d 787 (1961). *Gunter* states that a party's right to be heard in court is important enough for the doctrine of *res judicata* to be strictly applied, and therefore the matter determined "cannot be left to uncertain inference." *Id.* at 785.

In the present case, the majority infers that the federal court determined the instruments were not under seal from the federal court order stating that a three-year statute of limitations applied. However, examination of the pleadings, exhibits, and memoranda tends to show the parties never litigated the seal issue and the federal court never considered it.

The promissory notes involved here clearly bear the corporate seal of defendant. Defendant admitted that these exhibits were true and accurate copies, and also admitted they bore its seal. D.C. Code § 12-301(6) establishes a twelve-year statute of limitations for instruments under seal. The notes bearing defendant's seal plainly raise a question as to whether the twelve-year limitations period is applicable. Yet the federal court order, which

discusses the facts and law of the case in detail, never broaches the issue of whether the notes were sealed instruments. Instead, the federal court assumed the three-year statute of limitations for contract and fraud actions was applicable. The strongest inference from the record is not that the federal court determined the notes were not under seal, but that it overlooked the issue.

Moreover, the seal issue was not fully litigated by the parties. This may explain why the issue was overlooked by the federal court. Although defendant cited two cases to the effect that their notes were not instruments under seal for purposes of invoking the twelve-year statute of limitations, this point was otherwise ignored in the flurry of memoranda generated by the parties. Plaintiffs argued that irrespective of what was the length of the statute of limitations, their action was timely. All arguments of the parties upon the court's reconsideration of defendant's summary judgment motion concerned the effect of an alleged fraud upon the accrual of plaintiffs' claim. The parties debated when they should have started counting for a three-year statute of limitations without ever litigating whether a twelve-year period applied.

The sealed instrument limitations period issue was not litigated by the parties and apparently was not decided by the federal judge. Consequently, the present action should not be barred by collateral estoppel.

The majority's invocation of collateral estoppel also seems inappropriate due to the equitable nature of the doctrine. *Carolina Power and Light Co. v. Merrimack Mutual Fire Ins. Co.*, 238 N.C. 679, 692, 79 S.E. 2d 167, 175 (1953). The equitable principle of collateral estoppel should bar plaintiffs' subsequent action only if there has been a fair adjudication of the twelve-year statute of limitations issue. It would be inequitable to bar the present action on a prior determination that a three-year limitation period passed before suit was commenced since plaintiffs' colorable claim to a twelve-year limitation period was not litigated in the earlier action.

Finally, a number of well-reasoned cases hold that an adjudication on the statute of limitations is not a disposition on the merits and does not give rise to *res judicata* or collateral estoppel. *Sack v. Low*, 478 F. 2d 360 (2d Cir. 1973), notes the general

rule that a statute of limitations dismissal acts as a procedural bar to plaintiff's remedy, but is not an adjudication on the merits barring future actions in other jurisdictions. *Fricks v. Carroll*, 368 F. 2d 329 (5th Cir. 1966), decided that while a diversity action was barred by the shorter statute of limitations of the forum state, there would not be any *res judicata* effect in other jurisdictions.

*Warner v. Buffalo Drydock Co.*, 67 F. 2d 540 (2d Cir. 1933), *cert. den.* 291 U.S. 678, 78 L.Ed. 1066, 54 S.Ct. 529 (1934), provides a clear rule:

> The decisions of the Supreme Court and the English cases all indicate that the judgment of the court of a foreign state which dismisses a cause of action because of the statute of limitations of the forum is not a decision upon the merits and is not a bar to a new action upon the identical claim in the courts of another state. *Id.* at 541.

Judge Hand explained the reason behind the rule:

> All the foreign court adjudicates as a fact is that the action has been brought after the expiration of the statutory period, and, as a matter of law, that the remedy is barred in that court. To be sure, courts might hold that, where a suit is brought in one jurisdiction and fails, the same defendant shall not be vexed by another action. But no such doctrine obtains where the prior decision has merely barred a remedy less extensive than that affirmed by the lex fori. As no rule of law prevents the prosecution of both remedies concurrently, it is hard to see why failure of one should preclude the other where the periods of limitation are different. *Id.* at 543.

Although *Warner* has been questioned in the Second Circuit, *see Sack v. Low, supra*, the reasoning remains sound. In fact, "the carefully considered and overwhelming weight of authority is in accord with the *Warner* rule." (Citations omitted.) 1B *Moore's Federal Practice* ¶0.409[6] (2d ed. 1982). The *Restatement of the Law, Second, Judgments* § 19, comment f., also maintains that where a statute of limitations bars an action in one jurisdiction, it may not bar the action in another jurisdiction with a different limitations period. In the present case, the three-year limit used by the federal court to bar plaintiffs' action in the District of Columbia should not collaterally estop the suit in North Carolina

---

In re Shue

---

where the longer limitations period for sealed instruments may apply.

I therefore vote to reverse the judgment appealed from.