An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-549

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

    v.

DOUGLAS DALTON RAYFIELD, II

Gaston County
Nos. 10 CRS 57185-86
      11 CRS 12488-517


Appeal by Defendant from order entered 8 September 2011 by Judge Jesse B. Caldwell, III, and order entered 13 February 2012 and judgments entered 13 February 2012 by Judge H. William Constangy in Gaston County Superior Court. Heard in the Court of Appeals 21 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Sherri Horner Lawrence, for the State.*

> *Mark Montgomery for Defendant.*


STEPHENS, Judge.


This appeal arises from the same events as those upon which a previous appeal by Defendant Douglas Dalton Rayfield, II was

based, and its resolution is controlled by this Court's 7 January 2014 opinion finding no error in that matter. In June 2010 and October 2011, Defendant was indicted on numerous counts of sexual offenses against a minor and sexual exploitation of a minor, as well as one count of possession of a firearm by a felon. Evidence relevant to those charges had been discovered, in part, following the execution of a search warrant at Defendant's home in May 2010. The charges against Defendant were tried in two sets.

In May 2011, in the first set of charges, Defendant moved to suppress the evidence discovered during the search of his home, contending that the warrant should not have been issued. That motion was denied on 8 September 2011. Following a trial on the first set of charges in Gaston County Superior Court, in January 2012, a jury found Defendant guilty of multiple counts of sexual acts against a minor. Defendant gave notice of appeal in open court.

In the second set of charges, Defendant filed a second motion to suppress, raising the same issues as presented in his May 2011 motion. By order entered 13 February 2012, the trial court denied that motion, noting that Defendant was barred from re-litigating the issues decided in the 8 September 2011 order

denying the first motion to suppress. In February 2012, the second set of charges against Defendant came on for trial. Defendant thereupon entered an *Alford* plea to thirty-one counts of sexual exploitation of a minor and one count of possession of a firearm by a felon, reserving his right to appeal from the February 2012 denial of his second motion to suppress.

In the appeal from his January 2012 convictions, Defendant argued, *inter alia*, that the trial court erred in denying his first motion to suppress. In an opinion filed 7 January 2014, a panel of this Court rejected Defendant's arguments, concluding that the search warrant was properly issued and that the trial court did not err in denying Defendant's motion to suppress evidence seized as a result of the warrant's execution. *See State v. Rayfield*, __ N.C. App. __, __ S.E.2d __ (2014).

In this appeal from the judgments entered upon his *Alford* plea to the second set of charges, Defendant presents a single issue: that the trial court erred in denying his *first* motion to suppress. A previous panel of this Court having considered and rejected Defendant's arguments on this issue, that matter is *res judicata* in this appeal. *See King v. Grindstaff*, 284 N.C. 348, 359, 200 S.E.2d 799, 807 (1973) ("When an issue has been directly tried and decided, it cannot be contested again between

the same parties or their privies in the same or any other court.") (citation omitted).

NO ERROR.

Judges GEER and ERVIN concur.

Report per Rule 30(e).