SHANNON DANIEL DOYLE, Plaintiff v. LAURA PATRICIA DOYLE, Defendant

No. COA05-788

(Filed 7 March 2006)

**Collateral Estoppel and Res Judicata— domestic violence protective order—subsequent child custody proceeding**

Collateral estoppel binds the parties and precluded a judge making a custody determination from making findings contrary to those made by a prior judge who ruled on cross-petitions for domestic violence protective orders.

Appeal by plaintiff from judgment entered 22 October 2004 by Judge Amy R. Sigmon in Catawba County District Court. Heard in the Court of Appeals 12 January 2006.

*David Shawn Clark, P.A., by D. Shawn Clark, for plaintiff-appellant.*

*Sherwood Carter, for defendant-appellee.*

TYSON, Judge.

Shannon Daniel Doyle ("plaintiff") appeals from the trial court's order granting primary physical custody of his minor child, S.D.D. ("minor child") to Laura Patricia Doyle ("defendant"). We reverse and remand.

### I. Background

Plaintiff and defendant were married in June of 2001. Defendant had five children from a previous marriage. The minor child of the parties was born on 30 September 2002, and the parties separated in November 2003. After separating, the parties alternated physical custody of the minor child pursuant to an oral agreement.

On 3 March 2004, plaintiff filed a complaint against defendant in Catawba County District Court seeking custody of the minor child and child support. Defendant filed a counterclaim seeking custody and child support. Communications broke down between the parties and the oral custody agreement ceased.

On 18 April 2004, plaintiff went to defendant's residence to pick up the minor child for visitation. After plaintiff entered the residence, defendant sought to prevent plaintiff from leaving with the child and

attempted to remove the child from plaintiff's arms. Defendant struck plaintiff in the groin, after which he released the minor child to defendant. Plaintiff struck defendant repeatedly on the side of her face with his fist. Defendant's son struck plaintiff in the forehead with a hammer in an attempt to get plaintiff off of his mother. Eventually plaintiff exited the residence through the front door and called 911. Both parties sustained injuries as a result of the altercation. Plaintiff suffered a concussion and a cut on his head that required six staples.

Subsequent to this incident, defendant filed a complaint and motion for a domestic violence protective order. Defendant was granted an *ex parte* domestic violence protective order. Plaintiff counterclaimed and requested he be granted a domestic violence protective order against defendant.

The district court entered a temporary custody order on 6 May 2004. Temporary custody of the minor child was awarded to defendant and plaintiff was awarded visitation. The court ordered both parties to obtain anger management assessments and attend parenting classes.

The parties' requests for domestic violence protective orders against each other were heard before the Honorable John Mull on 19 May 2004. Judge Mull found that defendant had initiated the 18 April 2004 altercation by kicking plaintiff in the groin. Judge Mull dismissed defendant's complaint for a domestic violence protective order, and granted plaintiff's complaint for a domestic violence protective order against defendant.

The issues of child custody, child support, and visitation were heard before the Honorable Amy R. Sigmon. Judge Sigmon entered a judgment/order for visitation, child support, and custody on 21 October 2004. Judge Sigmon specifically found that she disagreed with Judge Mull's findings in the domestic violence protective order "with regards to the nature and circumstances surrounding the altercation that occurred on April 18, 2004." The court ordered the parties to share joint legal child custody with defendant having primary physical custody and plaintiff having visitation. Plaintiff appeals.

## II. Issues

Plaintiff argues: (1) the trial court violated the doctrine of collateral estoppel when it relitigated a previous judicially determined issue; (2) findings of fact Numbers 33, 67, and 78 are not supported by competent evidence; and (3) sufficient and competent findings of fact

do not support the trial court's order awarding primary physical custody to defendant.

### III. Collateral Estoppel

Plaintiff argues the doctrine of collateral estoppel prevents Judge Sigmon from re-adjudicating an issue of ultimate fact previously determined by Judge Mull in the 19 May 2004 domestic violence protective order. We agree.

### A. Elements

"Under collateral estoppel as traditionally applied, a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Associates, Inc. v. Hall*, 318 N.C. 421, 428-29, 349 S.E.2d 552, 557 (1986). Our Supreme Court has stated " '[o]nce a party has fought out a matter in litigation with the other party, he cannot later renew that duel.' " *State ex rel. Lewis v. Lewis*, 311 N.C. 727, 730, 319 S.E.2d 145, 148 (1984) (quoting *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 598, 92 L. Ed. 898, 906 (1948)).

The following requirements must be met to bar relitigation of specific issues in a subsequent non-identical action involving the same parties:

> (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*King v. Grindstaff*, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973). The issues resolved in the prior action may be either factual issues or legal issues.

### B. Precedents

In *Lewis*, our Supreme Court held a father's criminal conviction for willful neglect and non-support of his minor children collaterally estopped him from relitigating the issue of paternity in a subsequent civil action for child support. 311 N.C. at 734, 319 S.E.2d at 150. Similarly, this Court recently held that collateral estoppel barred a

plaintiff from relitigating in state court "identical underlying factual issues" as those resolved against her in federal court even though her state causes of action were entirely distinct from her federal causes of action. *Youse v. Duke Energy Corp.*, 171 N.C. App. 187, 193, 614 S.E.2d 396, 401 (2005).

### C. Analysis

Plaintiff argues that defendant was collaterally estopped from relitigating in the later custody action the question of who committed domestic violence on 18 April 2004. Judge Mull presided over the prior Chapter 50B litigation between plaintiff and defendant involving cross-petitions for domestic violence protective orders. He found that on 18 April 2004, defendant placed plaintiff in fear of imminent serious bodily injury by "initiating an assault by kicking him in the groin and later hitting him in the back; every act of aggression on this occasion was initiated by the Defendant or some member of her family, and ultimately resulted in the Defendant's son hitting the Plaintiff with a hammer, giving the Plaintiff a concussion and a cut on his forehead requiring 6 staples." Further, Judge Mull found that defendant "failed to prove by the greater weight of the evidence that [plaintiff] committed any acts of domestic violence against her [or] her children" and dismissed her claim. He then concluded that defendant had "committed acts of domestic violence against the Plaintiff" and ordered, among other things, that defendant attend and complete an abuser treatment program.

Judge Sigmon, who presided over the later custody action, was required to consider "acts of domestic violence between the parties, the safety of the child, and the safety of either party from domestic violence by the party and shall make findings accordingly." N.C. Gen. Stat. § 50-13.2(a) (2005) In accordance with that requirement, Judge Sigmon made various findings of fact regarding the events of 18 April 2004, including the following ultimate findings relating to Judge Mull's order:

> 43. That the parties' injuries are consistent with the Defendant's version of the altercation and are inconsistent with the Plaintiff's version of events.

> 44. That the Plaintiff has taken no responsibility for the altercation . . . .

> . . . .

**DOYLE v. DOYLE**

[176 N.C. App. 547 (2006)]

46. That subsequent to this incident, the Defendant filed criminal charges against the Plaintiff and obtained an Emergency Domestic Violence Protective Order against the Plaintiff. The Emergency Order was issued by the Honorable Judge C. Thomas Edwards. The Defendant's complaint for the domestic violence protective order was set for hearing and the criminal charges were set for district criminal court.

47. That the Plaintiff filed an answer and counterclaim to the Defendant's complaint for a domestic violence protective order in which he alleged that the Defendant had committed acts of domestic violence against him and he requested that he be granted a domestic violence protective order against the Defendant. The Court takes judicial notice of the pleadings and court orders in this file 04-CVD-1168 and the file is herein incorporated by reference.

. . . .

53. That the parties' requests for domestic violence protective orders against one another were heard on May 17, 2004 in front of the Honorable Judge John Mull during a scheduled session of domestic violence protective order hearings.

54. That at the hearing Judge Mull dismissed the Defendant's complaint for a domestic violence protective order and granted the Plaintiff's complaint for a domestic violence protective order against the Defendant.

55. That Judge Mull made findings that the Defendant and or the Defendant's minor children were the aggressors in the altercation and that the Defendant had committed acts of domestic violence against the Plaintiff.

56. *That this Court, after hearing the case on its merits, respectfully disagrees with the findings of the Honorable Judge John Mull with regards to the nature and circumstances surrounding the altercation that occurred on April 18, 2004.*

. . . .

78. That the Defendant does not suffer from any anger management or control issues. The Defendant has been identified as a victim of domestic violence and is in need of further counseling and therapy to address this issue.

(Emphasis added).

DOYLE v. DOYLE

[176 N.C. App. 547 (2006)]

Both Judge Mull's prior order and Judge Sigmon's order addressed the acts of domestic violence on 18 April 2004. The issue is whether collateral estoppel precluded Judge Sigmon from revisiting Judge Mull's factual determinations.

Each of the requirements set out in *King* for identity of issues is met. 284 N.C. at 358, 200 S.E.2d at 806. The issues relating to the events of 18 April 2004 addressed by Judge Mull were identical to those considered by Judge Sigmon, as Judge Sigmon's custody order indicates on its face. Judge Sigmon simply disagreed with Judge Mull's prior resolution of the issues.

Further, the question of who was the perpetrator and who was the victim of the domestic violence on 18 April 2004 was: (1) actually litigated before Judge Mull; (2) material and relevant to the disposition of that action; (3) necessary and essential to the resulting judgment; and (4) the sole reason for the Chapter 50B proceeding. Since Judge Mull's order involved the same parties litigating the same specific issues, collateral estoppel bars defendant from relitigating the factual issues relating to the 18 April 2004 events in the subsequent custody proceeding.

Defendant, however, argues that Judge Mull's order was not a final judgment and that collateral estoppel does not, therefore, apply. We disagree. Judge Mull's order was a final determination from which defendant could have appealed. Chapter 50B proceedings normally involve two stages: an order granting emergency *ex parte* relief, followed by a later full evidentiary hearing and entry of a final order resolving the Chapter 50B action. An appeal from the initial *ex parte* order generally is interlocutory. *See Smart v. Smart*, 59 N.C. App. 533, 536, 297 S.E.2d 135, 137-38 (1982) (holding that a party could not appeal from an order under Chapter 50B granting temporary emergency relief because he would be protected by a timely appeal from the trial court's "final decree" following an evidentiary hearing on the domestic violence complaint). Once the final decree is entered after the evidentiary hearing, a party must appeal or is bound by the factual determinations made by the trial judge.

In *Smith v. Smith*, 145 N.C. App. 434, 436, 549 S.E.2d 912, 914 (2001), this Court specifically held that a party against whom a domestic violence protective order had been entered under N.C. Gen. Stat. § 50B-1(a)(2) could appeal even though the order was effective for only six months. The "collateral legal consequences" of the order became final, precluding reconsideration of the order in any subse-

quent custody action under N.C. Gen. Stat. § 50-13.2. *Id.*; *Thomas M. McInnis & Assocs., Inc.*, 318 N.C. at 434, 349 S.E.2d at 560 ("Plaintiff did not appeal the adverse determination and the judgment became final" for purposes of collateral estoppel.). Since defendant could have appealed from Judge Mull's 19 May 2004 order, the issues resolved in that order were finally determined and binding on Judge Sigmon. *Id.*

Defendant argues nonetheless that "a temporary order entered under the act 'shall be without prejudice,' and nothing precludes a *de novo* hearing under Chapter 50," citing "G.S. § 50B-(4)." It appears that defendant is actually referring to N.C. Gen. Stat. § 50B-3(a1)(4), which provides:

(a1) Upon the request of either party at a hearing after notice or service of process, the court shall consider and may award temporary custody of minor children and establish temporary visitation rights as follows:

. . . .

(4) A temporary custody order entered pursuant to this Chapter shall be without prejudice and shall be for a fixed period of time not to exceed one year. Nothing in this section shall be construed to affect the right of the parties to a de novo hearing under Chapter 50 of the General Statutes. Any subsequent custody order entered under Chapter 50 of the General Statutes supercedes a temporary order issued pursuant to this Chapter.

Judge Mull's order was not a temporary custody order and did not include findings, conclusions, or decrees relating to custody.

The plain language of this provision indicates that when the trial court makes a temporary custody determination under Chapter 50B, the issue of custody may be heard *de novo* under Chapter 50. Nothing in the statute suggests any legislative intent to allow a *de novo* hearing on the central factual question regarding whether a party committed domestic violence. Such a result would undermine the statute's mandate that "[i]f the court . . . finds that an act of domestic violence has occurred, the court shall grant a protective order restraining the defendant from further acts of domestic violence." N.C. Gen. Stat. § 50B-3(a). A defendant could negate the effect of the Chapter 50B order by relitigating the issues in Chapter 50 proceedings. This relitigation would cause judicial inefficiency.

As N.C. Gen. Stat. § 50B-3(a1)(4) indicates, Judge Mull's order did not preclude Judge Sigmon from awarding primary physical custody to defendant if the custody decision was supported by proper findings of fact. Judge Sigmon's order included 19 separate findings of fact relating to issues previously resolved by Judge Mull. The order appealed from is reversed and remanded for further proceedings in which the custody determination respects Judge Mull's final determination that defendant was the perpetrator of the domestic violence on 18 April 2004 and plaintiff was the victim. Although N.C. Gen. Stat. § 50-13.2 specifically required Judge Sigmon to consider the events of 18 April 2004, collateral estoppel renders Judge Mull's findings of fact binding on the subsequent child custody proceeding regarding those events.

## VI.  Conclusion

Collateral estoppel binds the parties and precludes the trial court from making contrary findings of fact regarding the 18 April 2004 acts of domestic violence between plaintiff and defendant. In light of our decision it is unnecessary to consider plaintiff's remaining assignments of error. The trial court's order is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges HUDSON and GEER concur.