MARVIN SIMMS, PLAINTIFF v. DEBORAH SIMMS, DEFENDANT

No. COA08-719

(Filed 17 March 2009)

**1. Child Support, Custody, and Visitation; Collateral Estoppel and Res Judicata— entitlement to rehearing—collaterally estopped from relitigating domestic violence issue**

Plaintiff father is entitled to a child custody rehearing because the trial court was collaterally estopped from relitigating and finding that he had committed acts of domestic violence, a factor which the trial court was required to consider in awarding custody, since the issue was actually litigated and determined in plaintiff's favor during a domestic violence protective order hearing.

**2. Evidence— child custody—testimony by guardian ad litem**

On rehearing in a child custody case, the trial court should take the testimony of the guardian ad litem so that she may offer her findings before both parties and on the record.

Appeal by plaintiff from orders entered 26 June and 28 December 2007 by Judge Jennifer M. Green in District Court, Wake County. Heard in the Court of Appeals 27 January 2009.

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for plaintiff-appellant.*

*No brief filed on behalf of defendant-appellee.*

WYNN, Judge.

The doctrine of collateral estoppel precludes an issue, determined in a prior judicial action, from being relitigated in a later action.[1] On appeal, Plaintiff-Father Marvin Simms argues that the trial court was collaterally estopped from finding in its custody order that he committed acts of domestic violence. Because the issue of whether Marvin Simms committed acts of domestic violence was determined in his favor in a prior judicial action, we hold that the trial court erred by relitigating that issue, and finding that he committed acts of domestic violence in awarding custody to Defendant-Mother Deborah Simms.

Marvin and Deborah Simms married on 6 June 1987, separated in 2003, and subsequently divorced. The parties have two children, one of which has now reached the age of majority.

Beginning in 2004, the couple filed domestic violence complaints against each other. On 4 February 2004, District Court Judge K. D. Bailey heard their claims and entered a judgment concluding that both have "failed to prove grounds for issuance of a domestic violence protective order."

On 10 May 2004, District Court Judge Jennifer M. Green issued a temporary consent order giving physical custody of the minor child to Marvin Simms and allowing Deborah Simms scheduled visitations. Subsequently, Deborah Simms moved to New Jersey and filed a motion for modification. In response, the trial court granted Deborah Simms visitation and appointed Patricia K. Gibbons as guardian *ad litem* for the minor child.

On 26 June 2007, the trial court issued an order for child support and alimony, and a separate custody order, awarding the parties joint legal custody and Deborah Simms primary physical custody.

[1] On appeal, Marvin Simms argues that he is entitled to a custody rehearing because the trial court was collaterally estopped from relitigating and finding that he had committed acts of domestic violence, a factor which the trial court was required to consider in awarding custody. We agree.

The doctrine of collateral estoppel precludes a court from relitigating issues "actually litigated and necessary to the outcome of the

1. *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citations omitted).

prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986). Collateral estoppel or "estoppel by judgment" is designed to promote judicial economy and prevent a party from carrying the burden and expense of relitigating a previously decided issue. *Id.* at 427, 349 S.E.2d at 556.

However, the doctrine of collateral estoppel only applies when the following circumstances are present:

> (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*King v. Grindstaff*, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973) (citations omitted). Where the doctrine is applicable, a court will be precluded from issuing findings of fact and conclusions of law contrary to the previous disposition. *State v. Summers*, 351 N.C. 620, 622, 528 S.E.2d 17, 20 (2000).

The facts here are analogous to those in *Doyle v. Doyle*, 176 N.C. App. 547, 626 S.E.2d 845 (2006), which involved a custody dispute. In *Doyle*, before the custody hearing, the parties requested domestic violence protective orders against each other. At the domestic violence hearing, the trial judge determined that the defendant committed acts of domestic violence against plaintiff, but found that defendant had failed to show that plaintiff had committed any acts of domestic violence. *Id.* Subsequently, at the custody hearing, a different judge revisited the factual determinations made in the domestic violence protective order and issued contrary findings, concluding that plaintiff was the perpetrator of acts of domestic violence against defendant. On review, this Court held that the doctrine of collateral estoppel precluded the trial court from making findings of fact in its custody order contrary to those previously made as part of a domestic violence protective order. *Id.* at 554, 626 S.E.2d at 850 ("Although N.C. Gen. Stat. § 50-13.2 specifically required [the judge issuing the custody order] to consider the events of [the domestic violence protective order], collateral estoppel renders [the previous] findings of fact binding on the subsequent child custody proceeding regarding those events.").

As in *Doyle*, each of the collateral estoppel requirements set out in *King* is met here. The issues addressed by Judge Green in the custody determination were the same issues addressed during the domestic violence protective order hearing—whether Marvin Simms committed acts of domestic violence. Judge Green's order for child support and alimony specifically found:

> 29. Plaintiff filed a Complaint for Domestic Violence Protective Order against Defendant in 2004, immediately following the separation of the parties, also alleging a history of domestic violence by Defendant against him. Plaintiff filed a Counterclaim in that action also seeking 50B relief and temporary orders were granted to both parties. After hearing, The Honorable Kris Bailey found that there was contradictory evidence of domestic violence by both parties and, as a result, concluded that both parties had failed to establish grounds for issuance of a Domestic Violence Protective Order. Judge Bailey did not find that domestic violence had not occurred.

> 30. This Court heard the same contradictory evidence of domestic violence. However, this Court finds that the testimony of Defendant is more credible than that of Plaintiff . . . .

In her order, Judge Green specifically stated that she found "the testimony of Defendant is more credible than that of Plaintiff" and that "Plaintiff committed acts of domestic violence against the Defendant during the course of the marriage." Further, the issue was "actually litigated" during the domestic violence protective order hearing, "material and relevant" to that action, and "necessary and essential" to the resulting conclusion that there was insufficient evidence to support the issuance of a domestic violence protective order against Marvin Simms.

Accordingly, the trial court was barred from making findings in its custody order that Marvin Simms committed acts of domestic violence as those findings are contrary to the findings made in the prior action. We, therefore, set aside the trial court's order of custody and remand for a rehearing since our General Assembly specifically requires that our courts consider domestic violence in making custody determinations. N.C. Gen. Stat. § 50-13.2(a) (2007) ("In making the determination, the court shall consider all relevant factors including acts of domestic violence between the parties, the safety of the child, and the safety of either party from domestic violence by the other party and shall make findings accordingly.").

**SIMMS v. SIMMS**

[195 N.C. App. 780 (2009)]

**[2]** We note that Marvin Simms also argues that the trial court violated N.C. Rule of Evidence 605 by resolving a factual dispute over the guardian *ad litem* Patricia Gibbons' oral report to the court. He contends that, contrary to the trial court's findings of fact, Ms. Gibbons reported that the child expressed a custodial preference in his favor. To resolve this issue on rehearing, the trial court should take the testimony of Ms. Gibbons so that she may offer her findings before both parties and on the record.

Remanded.

Judges ROBERT C. HUNTER and ERVIN concur.