DAVIS, Judge.
Wilmington Trust Company ("Defendant") appeals from the trial court's order denying in part its motion to dismiss the amended complaint filed by Irwin Kennedy Dawkins and Beverly J. Dawkins ("Plaintiffs"). Defendant argues that its motion should have been granted in its entirety and all of Plaintiffs' claims dismissed. For the following reasons, we dismiss Defendant's appeal.
Factual and Procedural Background
In 2003, Edith and Ralph Johnson executed a promissory note (the "Note") to First National Bank of Arizona in exchange for a loan in the amount of $75,600. The Note was secured by a deed of trust (the "Deed of Trust") to a property located at 7749 Truelight Church Road in Charlotte, North Carolina (the "Property"). Subsequently, the Note was transferred to Defendant, and Plaintiffs obtained the Property through inheritance.
On 4 August 2014, Trustee Services of Carolina, LLC, the substitute trustee under the Deed of Trust, initiated a foreclosure proceeding on Defendant's behalf in Mecklenburg County Superior Court seeking an order authorizing it to sell the Property in a foreclosure sale.[1] On 19 February 2015, Defendant sent to Plaintiffs via facsimile the Note with an attached allonge containing one indorsement from First National Bank of Arizona to First National Bank of Nevada and a subsequent indorsement from First National Bank of Nevada in blank.[2]
On 17 March 2015, the Clerk of Mecklenburg County Superior Court held the foreclosure proceeding. At the hearing, the substitute trustee submitted the Note along with an attached allonge containing only one indorsement-from First National Bank of Arizona in blank-and which appeared on different letterhead than the allonge to the "True Note."[3] The Clerk entered an order dismissing the special proceeding.
Defendant then appealed the Clerk's order to superior court, and a de novo hearing was held on 28 July 2015 before Judge Jesse B. Caldwell, III in Mecklenburg County Superior Court. The substitute trustee again submitted the "Altered Note." There is no indication in the record that the existence of the two distinct versions of the allonge was ever addressed in the foreclosure proceeding-either before the Clerk or on appeal to Judge Caldwell. At the conclusion of the hearing, Judge Caldwell entered an order allowing the foreclosure sale.[4] The foreclosure sale was held on 26 August 2015.
Plaintiffs filed the present action in Mecklenburg County Superior Court on 3 September 2015 and subsequently filed an amended complaint on 16 September 2015 asserting claims for negligent misrepresentation, fraud, breach of the implied covenant of good faith and fair dealing, violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), and declaratory and injunctive relief. These claims relied upon Plaintiffs' allegation that Defendant had submitted a version of the allonge during the foreclosure proceeding that was different from the one it had earlier provided to Plaintiffs.
On 2 October 2015, Defendant filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure based on Plaintiffs' failure to state a claim upon which relief could be granted. In support of this motion, Defendant argued, inter alia , that all of Plaintiffs' claims were barred by collateral estoppel as a result of Judge Caldwell's foreclosure order.
On 29 October 2015, a hearing on Defendant's motion to dismiss was held before the Honorable Carla N. Archie in Mecklenburg County Superior Court. The trial court issued an order on 12 November 2015 granting in part and denying in part Defendant's motion. The court dismissed all of Plaintiffs' claims except for their claims under the UDTPA and for breach of the implied covenant of good faith and fair dealing. On 8 December 2015, Defendant filed a notice of appeal to this Court. Defendant has also filed a petition for a writ of certiorari .
Analysis
As an initial matter, we must determine whether we have appellate jurisdiction to hear this appeal. See Duval v. OM Hospitality, LLC , 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) ("[W]hether an appeal is interlocutory presents a jurisdictional issue, and this Court has an obligation to address the issue sua sponte ." (citation, quotation marks, and brackets omitted)). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." Id. (citation omitted). Conversely, an order or judgment is interlocutory if it does not settle all of the issues in the case but rather "directs some further proceeding preliminary to the final decree." Heavner v. Heavner , 73 N.C. App. 331, 332, 326 S.E.2d 78, 80, disc. review denied , 313 N.C. 601, 330 S.E.2d 610 (1985).
"Generally, there is no right of immediate appeal from interlocutory orders and judgments." Paradigm Consultants, Ltd. v. Builders Mut. Ins. Co. , 228 N.C. App. 314, 317, 745 S.E.2d 69, 72 (2013) (citation and quotation marks omitted). The prohibition against interlocutory appeals "prevents fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." Russell v. State Farm Ins. Co. , 136 N.C. App. 798, 800, 526 S.E.2d 494, 496 (2000) (citation and brackets omitted).
However, there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. Second, an appeal is permitted under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.
N.C. Dep't of Transp. v. Page , 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995) (internal citations omitted).
Judge Archie's 12 November 2015 order does not contain a certification under Rule 54(b). Therefore, Defendant's appeal is proper only if it can demonstrate a substantial right that would be lost absent an immediate appeal. See Radcliffe v. Avenel Homeowners Ass'n, Inc. , --- N.C. App. ----, ----, 789 S.E.2d 893, 901 (2016) ("It is the appealing party's burden to establish that a substantial right would be jeopardized unless an immediate appeal is allowed." (citation omitted)).
A substantial right may be implicated when a trial court enters an order that rejects the applicability of the collateral estoppel doctrine. See Turner v. Hammocks Beach Corp ., 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009) ("[T]he denial of a motion to dismiss a claim for relief affects a substantial right when the motion to dismiss makes a colorable assertion that the claim is barred under the doctrine of collateral estoppel.").
Under the collateral estoppel doctrine, "parties and parties in privity with them are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination." Id. (citation, quotation marks, and ellipsis omitted). "The issues resolved in the prior action may be either factual issues or legal issues." Doyle v. Doyle , 176 N.C. App. 547, 549, 626 S.E.2d 845, 848 (2006). The party alleging collateral estoppel must demonstrate
that the earlier suit resulted in a final judgment on the merits, that the issue in question was identical to an issue actually litigated and necessary to the judgment, and that both the party asserting collateral estoppel and the party against whom collateral estoppel is asserted were either parties to the earlier suit or were in privity with parties.
State ex rel. Tucker v. Frinzi , 344 N.C. 411, 414, 474 S.E.2d 127, 128-29 (1996) (citation and brackets omitted and emphasis added).
In order for issues to be considered "identical" to ones that were "actually litigated and necessary" to a prior judgment,
(1) the issues must be the same as those involved in the prior action, (2) the issues must have been raised and actually litigated in the prior action, (3) the issues must have been material and relevant to the disposition of the prior action, and (4) the determination of the issues in the prior action must have been necessary and essential to the resulting judgment.
State v. Summers , 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) (citation omitted).
We have previously held that in certain circumstances parties may be collaterally estopped from raising issues in a subsequent lawsuit that had been litigated in a prior foreclosure proceeding. See, e.g., Funderburk v. JPMorgan Chase Bank, N.A. , --- N.C. App. ----, ----, 775 S.E.2d 1, 7 (2015) ( "[W]e hold plaintiffs' claims for breach of contract, negligent misrepresentation, tortious interference with contracts and business expectancy, and quantum meruit are barred by the final determinations as to the rights of the parties in the foreclosure proceedings.").[5]
Foreclosure proceedings before a clerk of court pursuant to a power of sale are governed by N.C. Gen. Stat. § 45-21.16, which states, in pertinent part, that
the clerk shall consider the evidence of the parties and may consider, in addition to other forms of evidence required or permitted by law, affidavits and certified copies of documents. If the clerk finds the existence of (i) valid debt of which the party seeking to foreclose is the holder , (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b), or if the loan is a home loan under G.S. 45-101(1b), that the pre-foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter have elapsed, and (vi) that the sale is not barred by G.S. 45-21.12A, then the clerk shall authorize the mortgagee or trustee to proceed under the instrument, and the mortgagee or trustee can give notice of and conduct a sale pursuant to the provisions of this Article.
N.C. Gen. Stat. § 45-21.16(d) (2015) (emphasis added). "If the foreclosure action is appealed to the superior court for a de novo hearing, the inquiry before a judge of superior court is also limited to the same issues." In re Hudson , 182 N.C. App. 499, 502, 642 S.E.2d 485, 488 (2007) (citation and quotation marks omitted).
In order for sufficient evidence to exist that the party seeking to foreclose is the holder of a valid debt, a court must find "(1) competent evidence of a valid debt, and (2) that the party seeking to foreclose is the current holder of the Note." In re Foreclosure of a Deed of Trust Executed By Rawls , ---N.C. App. ----, ----, 777 S.E.2d 796, 798 (2015) (citation and quotation marks omitted). A "holder" may be a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession [of the instrument]...." N.C. Gen. Stat. § 25-1-201(b)(21) (2015). A "bearer," in turn, is defined as "a person in possession of a negotiable instrument, negotiable tangible document of title, or certificated security that is payable to bearer or indorsed in blank." N.C. Gen. Stat. § 25-1-201(b)(5). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." N.C. Gen. Stat. § 25-3-205(b) (2015).
In the present case, Judge Caldwell's order allowing foreclosure found, in pertinent part, that Defendant "is the holder of the note sought to be foreclosed and it evidences a valid debt...." Defendant asserts that this finding constituted a specific determination that the " 'Altered Note,' as indorsed, represented a valid debt of which Wilmington Trust was the holder and further authorized a foreclosure sale based on the note."
It is undisputed that-for purposes of the foreclosure proceeding-Judge Caldwell did, in fact, find that Defendant was the holder of the Note presented at the proceeding and that the Note constituted a valid debt. However, the record is devoid of any indication that the discrepancy between the two versions of the allonge was raised at all-much less "actually litigated"-in the foreclosure proceeding. See Summers , 351 N.C. at 623, 528 S.E.2d at 20 (citation omitted). That alleged discrepancy lies at the core of Plaintiffs' UDTPA and breach of the implied covenant of good faith and fair dealing claims. Thus, the elements of collateral estoppel here have not been met.
Accordingly, because Defendant has not shown that collateral estoppel serves as a bar to Plaintiffs' surviving claims, it has failed to meet its burden of demonstrating that the trial court's order "deprive[d] [Defendant] of a substantial right which would be lost absent immediate review." Page , 119 N.C. App. at 734, 460 S.E.2d at 334 (citations omitted). Therefore, we lack jurisdiction over this appeal.[6]
Conclusion
For the reasons stated above, we dismiss Defendant's appeal.
DISMISSED.
Report per Rule 30(e).
Judges CALABRIA and TYSON concur.

The foreclosure proceeding was designated as Special Proceeding No. 14-SP-3541.

Plaintiffs refer to the Note with this version of the allonge as the "True Note."

Plaintiffs refer to the Note with the second version of the allonge as the "Altered Note."

On 18 August 2015, Plaintiffs filed a notice of appeal from Judge Caldwell's foreclosure order but withdrew the appeal on 15 September 2015.

We note that our Supreme Court has recently cast doubt upon the preclusive effect of determinations made at foreclosure proceedings. See In re Foreclosure of Lucks, --- N.C. ----, ----, --- S.E.2d ----, ----, slip op. at 11-12 (filed Dec. 21, 2016) (No. 162A16) ("Non-judicial foreclosure is not a judicial action; the Rules of Civil Procedure and traditional doctrines of res judicata and collateral estoppel applicable to judicial actions do not apply. To the extent that prior case law implies otherwise, such cases are hereby overruled.").

Defendant requests, in the alternative, that we grant its petition for certiorari and exercise our discretion under Appellate Rule 21 to consider its interlocutory appeal. See N.C. R. App. P. 21(a) (authorizing writ of certiorari "when no right of appeal from an interlocutory order exists[.]"). In our discretion, we decline to grant certiorari in this case.